Plaintiffs, Thomas A. Glass, Mary Glass Cain and Minnie Glass Martin, charge defendant in this cause with the unlawful removal of sand and gravel from land located in Ward Four, Webster Parish, Louisiana, which they allegedly inherited from their late father, Alberta Glass, and now own in indivision.
The original petition describes the property as the north half of southeast quarter of southwest quarter (N. 1/2 of S.E. 1/4 of S.W. 1/4), Section 20, Township 19, Range 9; and plaintiffs ask judgment for $285, claiming that the sand and gravel removed had a value of $35, and that the property was damaged by the asserted trespass in the amount of $250.
Shortly after the institution of the suit, a supplemental and amended petition was filed by plaintiffs in which the correct description of the property involved is declared to be the north half of southeast quarter of northwest quarter (N. 1/2 of S.E. 1/4 of N.W. 1/4) of said section, township and range.
In its answer, defendant denies having trespassed on property belonging to plaintiffs. Affirmatively it avers that it has never obtained sand and gravel in the vicinity in question, except from lands belonging to the estate of Perry Watkins, and that payment therefor has been duly made. In the alternative the prescription of one year is pleaded.
The trial of the case resolved itself primarily into a dispute concerning the exact land from which the sand and gravel were taken, plaintiffs contending for the 20 acres described in their supplemental and amended petition that was inherited from their deceased father, and defendant insisting that the materials came from the northeast quarter of northwest quarter (N.E. 1/4 of N.W. 1/4) of Section 20, Township 19, Range 9.
There was judgment in plaintiffs' favor and against defendant in the sum of $30.
Defendant moved for a new trial, averring discovery of the fact that the record title to said northeast quarter of northwest quarter (N.E.1/4 of N.W.1/4), the land held by the trial court to have produced the sand and gravel, stood in the individual name of Thomas A. Glass and was never in the estate of Alberta Glass. This motion was overruled.
Defendant appealed from the judgment. Plaintiffs have answered the appeal asking that the award be increased from $30 to $280.
One of the complaints listed in the brief of counsel for appellant is that "the motion for a new trial should have been granted." We do not say that there was an abuse of the court's discretion in denying that request. It is our opinion and holding, however, that in the furtherance of justice the case should be retired in so far as it concerns the location and ownership of the land from which the sand and gravel were removed and also the question of prescription; and in this connection all litigants should have the right to make pertinent amendments to their pleadings. The evidence in the record relating to these vital issues is so unsatisfactory and confusing that the true situation is impossible of establishment. Therefore, under the authority of Code of Practice, Article 906, and for the specific purpose mentioned, the cause will be returned to the trial court.
For the above reasons, the judgment appealed from is reversed and set aside, and the case is remanded for further proceedings according to law and not inconsistent with the views herein expressed. Costs of this appeal shall be paid by appellee, and all other costs shall await the final determination of this suit.
DREW, J., recused. *Page 816